**UNITED STATES of America, Appellee,**

v.

**George C. ROSERO, Defendant–Appellant.**

**Docket No. 02–1391.**

United States Court of Appeals, Second Circuit.

Nov. 17, 2003.

Robert A. Culp, Law Office of Robert A. Culp, New York, NY., for Appellant.

Thomas J. Seigel, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, on the brief, and Susan Corkery, Assistant United States Attorney), Brooklyn, NY., for Appellee, of counsel.

PRESENT: CARDAMONE, SOTOMAYOR, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant George Rosero ("Rosero") appeals his sentence imposed by the United States District Court for the Eastern District of New York (Block, *J.*) upon Rosero's guilty plea to conspiracy to transmit narcotics proceeds out of the country in violation of 18 U.S.C. § 1956. Rosero was sentenced to 71 months' imprisonment, three years of supervised release, a $10,000 fine, and a $100 special assessment.

Rosero is a native of the United States but is of Colombian descent, and the conspiracy to which he pled guilty involved the transport of drug money out of the United States to persons in Colombia. During sentencing, the district court repeatedly referred to its perception that the illegal drug trade has led to "particular problems in this country with Colombia," and ultimately settled upon the uppermost sentence within the prescribed range in order to "send proper messages down there that people who do get caught in aiding that illicit type of activity from Colombia ... [will] be treated really kind of harshly." Later, when rejecting the defendant's personal request for leniency, the district court commented on the defendant's apparent willingness to conspire with others in a scheme they all knew was illegal:

> Somehow you knew these people, somehow you got to know these people, somehow you were willing to accommodate them. And that's something which you, coming from Colombia—it's the old Colombia connection I guess here or who knows what—but you were more than happy to assist in all of this, and this

doesn't help us out in our country one bit, does it.

Despite making no objection at the time, Rosero argues on appeal that the district court's comments ran afoul of this Court's prophylactic ruling in *United States v. Leung*, 40 F.3d 577 (2d Cir.1994). In *Leung*, we vacated the defendant's sentence because the sentencing judge made comments that could have given "the appearance that the sentence reflects a defendant's race or nationality." *Id.* at 586. The government argues that the comments made by the district court in the instant case are distinguishable from those made in *Leung* in that they were not specific to the defendant's ethnicity or national origin, and instead could have "applied to anyone, regardless of nationality, who might involve himself in the Colombian drug trade." (Appellee's Br. at 13.) We disagree.

We find at least some of the comments made by the district court here all too reminiscent of those statements we found in *Leung* created "sufficient risk that a reasonable observer, hearing or reading the quoted remarks, might infer, however incorrectly, that [the defendant's national origin or ethnicity] played a role in determining [the] sentence." *Id.* at 586–87. As was true in *Leung*, Rosero's failure to object is, in this circumstance, no impediment to our vacating his sentence, and we remand to a different district judge for resentencing in order to ensure that "the appearance of justice is better satisfied." *Id.* at 587.

Rosero further argues that the district court improperly set his sentencing range in reliance upon an accounting of the total laundered funds that included money put toward legitimate purposes, and that he should not have been made to a pay a fine as he is presently indigent. We find these

arguments unnecessary to address in light of our decision to remand.

The judgment is VACATED and the case REMANDED to a different district court judge for re-sentencing.